OPINION OF THE COURT
W. Dennis Duggan, J.
The issue presented on this motion is whether CPLR 3126 *334 penalties may be imposed for the failure of a party to comply with a discovery demand or must the failure to comply first contravene a CPLR 3124 order to compel. The court finds that CPLR 3126 is available in the first instance.
On November 23, 1994, the respondent served CPLR 3120 disclosure demands on petitioner, Department of Social Services (DSS). DSS was to respond to the demands on or before December 16, 1994. DSS made no request for an extension of time nor objections to the discovery demands. The respondent now seeks a preclusion order, and DSS argues that respondent must first move for an order to compel pursuant to CPLR 3124.
The resolution of this case involves an examination of the overlay of CPLR 3126 on the intersection of CPLR 3124 and 3122. Recent amendments to CPLR 3122 have reversed the procedure for objecting to discovery demands (as amended by L 1993, ch 98, § 9, eff Jan. 1, 1994). The old procedure required the recipient of the demand to move for a protective order within 10 days or the objections were waived. The new procedure requires the recipient to serve objections on the sender of the demand within 20 days. Then, "[T]he party seeking disclosure * * * may move for an order under rule 3124 with respect to any objection to, or other failure to respond to or permit inspection as requested by, the notice or any part thereof.” (CPLR 3122 [a]; emphasis added.) Had that Legislature clearly intended that CPLR 3124 was the next and only step for addressing discovery compliance issues, it could have used "must”, "shall”, or "will” instead of "may”. That it did not is some indication that CPLR 3124 remains an option and not the exclusive avenue for resolution of discovery disputes arising under CPLR 3120.
The contemporaneous amendments to CPLR 3124 do not subtract from this view. The new CPLR 3124 is greatly shortened, simplified and remains as a device to compel compliance with all disclosure requests (except CPLR 3123, the notice to admit provision, which has its own enforcement procedures). Of note is that CPLR 3124 remains without sanction provisions.
If CPLR 3124 was a mandatory next step for failure to comply with CPLR 3120 discovery demands or CPLR 3121 physical or mental examination demands, one would expect to find a message to this effect in CPLR 3126, which for years has been the device of choice to compel compliance with all disclosure devices. The relevant language change does not *335 even remotely suggest such a substantial change was contemplated.
Under the old language, CPLR 3126 sanctions could be sought if a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to notice duly served. ” (Emphasis added.) The new language applies if a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article. ” (L 1993, ch 98, § 11; emphasis added.) The use of the conjunctive "or” in both old and new versions is a fairly clear indication that the Legislature did not intend to change the established practice of permitting resort to CPLR 3126 sanctions for a disregard of noncourt ordered disclosure demands. Both the judicial memoranda and the Advisory Committee on Civil Practice report state that the amended language change only insures that sanction relief is available to cure the failure to amend or supplement previously given requests for disclosure under the new CPLR 3101 (h) (see, 1993 McKinney’s Session Laws of NY, at 3169, 2953, respectively). Accordingly, the amendment expands and does not contract CPLR 3126’s reach.
A review of the entire scheme of chapter 98 of the Laws of 1993 reveals that its overarching intent was to encourage the resolution of discovery disputes without the resort to motions. Reading the changes to require a motion first to CPLR 3124 and then to CPLR 3126 in order to enforce certain discovery demands obviously leads us in the wrong direction. That such a reading would create a second class status of sorts for discovery demands made under CPLR 3120 and 3121 would be an additional peculiarity and incongruous with the results clearly intended. Accordingly, the court holds that the respondent was not first required to move pursuant to CPLR 3124 to enforce her CPLR 3120 discovery demands but could apply directly, pursuant to CPLR 3126, for an order to compel with sanctions.
DSS will be ordered to comply with respondent’s discovery demand forthwith in accordance with the local court practice involving examination of the DSS case file properly redacted to shield the identities of hot line reporters. The court denies the request for other sanctions at this time as no prejudice has been shown.